IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| OSCAR ARMANDO, PRO SE, <br> TDCJ-CID No. 1361831, <br><br> Plaintiff, <br><br> v. <br><br> GERALD WAYNE WHIFIELD, Law <br> Library Officer; JHON GOSSET, <br> Law Library Officer; and <br> NFN MILBURN, Assistance Warden, <br><br> Defendants. | § § § § § § § § § § § § § § § | 2:16-CV-0108 |

## REPORT AND RECOMMENDATION TO DENY INJUNCTIVE RELIEF

Plaintiff OSCAR ARMANDO, acting *pro se*, filed a Motion for Preliminary Injunction and Temporary Restraining Order in the above-referenced and numbered cause.

The grant or denial of a preliminary injunction is within the discretion of the trial court. *Apple Barrel Productions, Inc. v. Beard,* 730 F.2d 384, 386 (5th Cir. 1984). It is typically granted pending trial on the merits in order to maintain the status quo between the litigants and to prevent irreparable harm that may result before a dispositive trial. *Shanks v. City of Dallas, Texas,* 752 F.2d 1092, 1096 (5th Cir. 1985). That authority is to be used "sparingly and only in the most critical and exigent circumstances." *Wisconsin Right to Life, Inc. v. Fed. Election Comm'n,* 542 U.S. 1305, 1306, 125 S. Ct. 2, 3–4, 159 L. Ed. 2d 805 (2004).

Rule 65 of the Federal Rules of Civil Procedure provides, in relevant part:

(b) A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's

attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

FED.R.CIV.PRO. 65(b).

In order to secure a preliminary injunction a movant has the burden of proving four elements:

1.   A substantial likelihood of success on the merits;

2.   A substantial threat that movant *will suffer* irreparable injury if the injunction is not issued;

3.   The *threatened injury* to the movant outweighs any damage the injunction might cause to the nonmovant; and

4.   The grant of a preliminary injunction will not disserve the public interest.

*Libertarian Party of Texas v. Fainter*, 741 F.2d 728, 729 (5th Cir. 1984). A preliminary injunction is an extraordinary remedy and is not granted unless the movant clearly satisfies each one of the elements. *United States v. Jefferson County*, 720 F.2d 1511, 1519 (5th Cir. 1983). Emphasizing its extraordinary character, the Fifth Circuit has cautioned that an injunction "should not be granted unless the party seeking it has 'clearly carried the burden of persuasion' on all four requirements." *PCI Transportation Inc. v. Fort Worth & Western Railroad Co.*, 318 F.3d 535, 545 (5th Cir. 2005 (citations omitted).

Because this case concerns prison conditions, the Prison Litigation Reform Act (the "PLRA") imposes additional restrictions on the authority to grant an injunction. The PLRA provides that "[p]rospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff." 18 U.S.C. § 3626(a)(1). In particular the PLRA prohibits an order granting

2

prospective relief or a preliminary injunction unless the court first finds that such relief is "(1) narrowly drawn; (2) extends no further than necessary to correct the harm; and (3) is the least intrusive means necessary to correct that harm." *See* 18 U.S.C. §§ 3626(a)(1)(A), 3626(a)(2). In considering a prisoner's request for prospective relief, the reviewing court "shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system" caused by the relief and shall respect the certain principles of comity where state or local law is concerned. *See* 18 U.S.C. §§ 3626(a)(1)(B), 3626(a)(2); *see also Nelson v. Campbell*, 541 U.S. 637, 650, 124 S. Ct. 2117, 2126, 158 L. Ed. 2d 924 (2004).

A "current and ongoing" violation is one that "exists at the time the district court conducts the § 3626(b)(3) inquiry." *Castillo v. Cameron Cty., Tex.*, 238 F.3d 339, 353 (5th Cir. 2001) (citing *Cason v. Seckinger*, 231 F.3d 777, 784 (11th Cir.2000); *Hadix v. Johnson*, 228 F.3d 662 (6th Cir.2000)(stating that "the PLRA directs a district court to look to current conditions"); *Benjamin v. Jacobson*, 172 F.3d 144, 166 (2d Cir.1999) ("Evidence presented at a prior time could not show a violation that is 'current and ongoing.'").

The Court must determine if the plaintiff has met his burden on the four prerequisites to a preliminary injunction or temporary restraining order and determine if such extraordinary relief is appropriate in this case. Plaintiff, in his original suit, alleges that he has been denied indigent legal supplies by TDCJ officials, specifically law library staff under the supervision of Assistant Warden Milburn. Plaintiff has several pending lawsuits on appeal and alleges that the denial of indigent supplies is inhibiting his access to the courts by interfering with these pending cases.

In his motion for a temporary restraining order and/or injunctive relief, plaintiff alleges that these same individuals continue to violate his constitutional rights by failing to provide him with supplies. He alleges he is obtaining supplies through fellow inmates to pursue his claims.

3

The plaintiff attached copies of his Step 1 and Step 2 grievances to his original complaint. The attached grievances contain the TDCJ responses, which indicate that plaintiff has received various indigent legal supplies, but that he has often failed to properly fill out requests for additional supplies.

Plaintiff's request for a temporary restraining order and/or preliminary injunction presents a jurisdictional issue. An inmate seeking an injunction on the ground that there is "a contemporary violation of a nature *likely to continue* must adequately plead such a violation ... that the defendant-officials were at the time suit was filed, and are at the time of summary judgment, knowingly and unreasonably disregarding an objectively intolerable risk of harm, *and that they will continue to do so*; and finally to establish eligibility for an injunction, the inmate must demonstrate the *continuance of that disregard* during the remainder of the litigation and into the future." *Farmer v. Brennan*, 511 U.S. 825, 845–47, 114 S. Ct. 1970, 1983–84, 128 L. Ed. 2d 811 (1994) (emphasis added). Because the inmate plaintiff must adequately plead an ongoing risk of harm that will continue into the future if the injunction is not granted, parties to the injunction must be provided with notice and a reasonable opportunity to dispute plaintiff's allegations. Rule 65(a) states that "[n]o preliminary injunction shall be issued without notice to the adverse party." This notice requirement, with few exceptions, implies "a hearing in which the defendant is given a fair opportunity to oppose the application and to prepare for such opposition." *Williams v. McKeithen*, 939 F.2d 1100, 1105 (5th Cir. 1991) (citing *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70 of Alameda*, 415 U.S. 423, 94 S.Ct. 1113, 1121 n. 7, 39 L.Ed.2d 435 (1974). Thus, if the Court did find the plaintiff's motion for an injunction met the four prerequisites to issuance, the Court must also first give notice to any party affected by the issuance of an injunction prior to such issuance.

In the instant case, plaintiff has not sustained his burden on any, much less all, of the four prerequisites to issuance of a preliminary injunction or temporary restraining order listed above. The Court must determine if injunctive relief is necessary to allow plaintiff to pursue his case in court. No arguments made by plaintiff in his request for injunctive relief show a likelihood of prevailing on the success of his original complaint. Plaintiff has made generalized, conclusive allegations regarding seizure of legal materials or denial of access to sufficient legal materials, but has failed to articulate *how* his pending cases, or access to the courts in those cases, has been adversely affected by the lack of supplies. He has indicated no missed deadlines or other adverse effects, but rather states that the TDCJ officials in the law library are conspiring to deny him legal materials so that he loses his pending appeals before the Fifth Circuit. Plaintiff has failed to allege any threatened injury to the plaintiff, and finally he has not articulated what public interest will be served by issuance of the injunction.

## CONCLUSION AND RECOMMENDATION

Because ARMANDO has failed to meet his burden of proof on the four prerequisites to issuance of a preliminary injunction or temporary restraining order, it is RECOMMENDED his Motion for a preliminary injunction or a temporary restraining order be DENIED.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

Entered this the 28th day of February, 2017.

CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

16-0108.ARMANDO.DENY.P/O&TRO: 4

## * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

16-0108.ARMANDO.DENY.P/O&TRO: 4